UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABDUR NADHEERU-ISLAM, a/k/a PAUL GUILD <br><br> Petitioner, <br><br> v. <br><br> KENNETH NELSON, <br><br> Respondent. | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 03-12590-RWZ |

## ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases, the respondent, Kenneth Nelson, through counsel, answers the numbered paragraphs of the petition for writ of habeas corpus as follows:

1.      Admitted.  Further answering, the correct current address of the Suffolk County Superior Court is: U.S. Post Office & Courthouse, 90 Devonshire Street, 8th Floor, Boston, Massachusetts, 02109.

2.      Denied.  Further answering, the petitioner entered a plea of guilty to the charge of murder in the second degree on May 18, 1989.  On that same date, the petitioner made a plea of guilty to unlawfully carrying a shotgun; breaking and entering a dwelling house in the nighttime with the intent to commit a felony; assault and battery by means of a dangerous weapon; unlawfully carrying firearms; receiving stolen property; and possession of heroin.

3.      The respondent admits that the petitioner was sentenced to life in prison for the charge of murder in the second degree.  Further answering, the respondent states that the

petitioner's indictment for possession of heroin was placed on file, and that the petitioner received concurrent sentences of three to five years at MCI Cedar Junction for each of the other six indictments (set forth in paragraph 2, above) to which the petitioner pled guilty on May 18, 1989. These sentences were to be served concurrently with the sentence imposed on the second-degree murder conviction.

4.    The respondent admits that the petitioner was charged with murder in the first degree; the petitioner pled guilty, however, to so much of the indictment as charged murder in the second degree. The remaining offenses are set forth in paragraph 2, above.

5.    The respondent admits that the petitioner pled guilty to various offenses as described in paragraph 2, above.

6.    Left blank by the petitioner.

7.    Left blank by the petitioner.

8.    The respondent admits that the petitioner moved to withdraw his guilty pleas, and that the petitioner appealed the denial of this motion.

9(a-b).    The respondent admits that the petitioner moved to withdraw his guilty pleas, and that the petitioner appealed the denial of this motion to the Massachusetts Appeals Court.

9(c).    The respondent admits that the petitioner's appeal of the denial of his motion to withdraw his guilty pleas was denied by the Massachusetts Appeals Court on May 19, 2003. Further answering, the respondent states that the citation for the Appeals Court's decision is *Commonwealth v. Paul Guild,* 58 Mass. App. Ct. 1103 (2003)(table). A copy of the Appeals Court's Memorandum and Order Pursuant to Rule 1:28 is attached to the Supplemental Answer, filed herewith, as Exhibit 6.

2

9(d).    The respondent denies that the claim of Breach of Contract was presented by the petitioner to the Massachusetts Appeals Court. The respondent admits that the remaining grounds stated in paragraph 9(d) of the petition are the grounds for relief which the petitioner presented to the Massachusetts Appeals Court. The respondent denies each and every allegation of fact contained in paragraph 9(d) of the petition for writ of habeas corpus. To the extent that paragraph 9(d) of the petition for a writ of habeas corpus contains conclusions of law, they require no response. Further answering, the respondent states that paragraph 9(d) fails to state a claim upon which relief may be granted and that the petitioner has failed to exhaust the claims stated therein.

9(e)(1-2). Admitted.

9(e)(3).    The respondent admits that the Massachusetts Supreme Judicial Court ("the SJC") denied the petitioner's application for further appellate review on October 3, 2003. Further answering, the respondent states that the citation for the SJC's decision is *Commonwealth v. Paul Guild*, 440 Mass. 1104 (2003)(table). A copy of the SJC's order is attached to the Supplemental Answer, filed herewith, as Exhibit 8.

9(e)(4)    The respondent admits that the grounds stated in paragraph 9(e)(4) of the petition are the grounds for relief which the petitioner presented to the Massachusetts Supreme Judicial Court. The respondent denies each and every allegation of fact contained in paragraph 9(e)(4) of the petition for writ of habeas corpus. To the extent that paragraph 9(e)(4) of the petition for a writ of habeas corpus contains conclusions of law, they require no response. Further answering, the respondent states that paragraph 9(e)(4) fails to state a claim upon which relief may be granted and that the petitioner has failed to exhaust the claims stated therein.

3

9(f).    Left blank by the petitioner.

10.    Left blank by the petitioner.

11.    Left blank by the petitioner.

12.    The respondent admits that the grounds stated in paragraph 12 of the petition are the grounds for relief on which the petitioner bases his current claim. The respondent denies each and every allegation of fact contained in paragraph 12 of the petition for writ of habeas corpus. To the extent that paragraph 12 of the petition for a writ of habeas corpus contains conclusions of law, they require no response. Further answering, the respondent states that paragraph 12 fails to state a claim upon which relief may be granted and that the petitioner has failed to exhaust the claims stated therein.

13.    Left blank by the petitioner.

14.    Admitted.

15.    Left blank by the petitioner.

16.    Admitted.

17.    The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the petition for writ of habeas corpus and calls upon the petitioner to prove same.

AS A FURTHER ANSWER to the petition for a writ of habeas corpus, the respondent files herewith a Supplemental Answer, which contains copies of the following documents:

1.    Docket Sheets, *Commonwealth v. Paul Larry Guild,* Suffolk County Superior Court Criminal Action 1988-072366 and *Commonwealth v. Paul Lawrence Guild,*

4

Suffolk County Superior Court Criminal Action 1989-080741[1];

2.    Motion to Withdraw Guilty Plea and Request for New Trial and Memorandum of Law in Support of Same;

3.    Memorandum of Decision and Order on Defendant's Motion to Withdraw His Guilty Pleas and for a New Trial;

4.    Brief of Appellant (with Addendum and Appendix), *Commonwealth v. Abdur Nadheeru-Islam, a/k/a Paul Guild*[2], Massachusetts Appeals Court No. 2002-P-858;

5.    Brief for the Commonwealth, *Commonwealth v. Paul Guild*, Massachusetts Appeals Court No. 2002-P-858;

6.    *Commonwealth v. Paul Guild*, 58 Mass. App. Ct. 1103, 788 N.E.2d 1021 (2003);

7.    Application for Leave to Obtain Further Appellate Review of the Defendant-Appellant, *Commonwealth v. Abdur Nadheeru-Islam, a/k/a Paul Guild*, Supreme Judicial Court; and

8.    Denial of Application for Leave for Further Appellate Review, *Commonwealth v. Paul Guild*, 440 Mass. 1104 (2003)(table).

---

[1] While the record makes it clear that the petitioner is only challenging the guilty plea entered in connection with Case No. 1988-072366 (*see* Exhibit 2, referring to the "murder of Anthony Johnson" and to "second degree" murder), the docket sheet for that case cross-references the docket sheet for another of the petitioner's cases, Case No. 1989-080741. Therefore, in order to ensure a complete record, the docket sheets for both matters are filed with the Supplemental Answer.

[2] It appears from the record that the petitioner changed his name from Paul Guild to Abdur Nadheeru-Islam at some point between his conviction in 1989 and his appeal in 2002.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The petition fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The petition should be dismissed since it contains claims which were not presented to the Massachusetts Supreme Judicial Court, and which were, therefore, not exhausted in the state court.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL


Maura D. McLaughlin
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2857
BBO No. 634923

Dated: February 27, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the petitioner, Abdur Nadheeru-Islam, on February 27, 2004, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, to him as follows: Abdur Nadheeru-Islam, Bridgewater State Hospital, 20 Administration Road, Bridgewater, Massachusetts 02324.


Maura D. McLaughlin

6