UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ABDUR NADHEERU-ISLAM, )
a/k/a PAUL GUILD )
)
Petitioner, )
)
v. )   Civil Action No. 03-12590-RWZ
)
KENNETH NELSON, )
)
Respondent. )

**MEMORANDUM OF LAW IN SUPPORT OF
RESPONDENT'S MOTION TO DISMISS PETITION
FOR WRIT OF HABEAS CORPUS**

INTRODUCTION

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the respondent, Kenneth Nelson, respectfully submits this memorandum of law in support of his motion to dismiss the petition for writ of habeas corpus filed by the petitioner, Abdur Nadheeru-Islam, a/k/a Paul Guild, on the grounds that the petition fails to state a claim upon which relief may be granted. In support of his motion, and as is set forth more fully herein, the petition may not be granted because the federal petition contains unexhausted claims, i.e., claims which were not presented to the state's highest court before being brought to the federal court. Specifically, two of the petitioner's claims (i.e., his claims for breach of contract and misrepresentation[1]) were

---

[1] In his petition for a writ of habeas corpus, the petitioner also lists the grounds of "duress and coercion" as a basis for his claim. In the event that the grounds of "duress and coercion" are separate and distinct from the grounds of involuntary and unintelligent waiver of a guilty plea articulated in the petition, the claim of duress/coercion is unexhausted. The respondent respectfully requests that this Court require the petitioner to clarify the constitutional

never presented to the state court as federal constitutional claims. Because the petitioner has not yet provided the state's highest court with the first opportunity to pass on the merits of this claim, the petition should be dismissed. 28 U.S.C. § 2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

## BACKGROUND

### Prior Proceedings

On May 18, 1989, the petitioner entered a plea of guilty to a charge of murder in the second degree in the Superior Court for Suffolk County.[2] *See* Docket Sheet, contained in the Supplemental Answer (hereinafter, "Supp. Ans."), filed herewith, as Exhibit 1; *see also* Memorandum of Decision and Order on Defendant's Motion to Withdraw His Guilty Pleas and for a New Trial, Supp. Ans., Ex. 3.

In 1991, the petitioner made a motion to withdraw his guilty plea.[3] *See* Supp. Ans., Ex. 2. This motion was denied by the Superior Court on April 19, 2002. *See* Supp. Ans., Ex. 3. The petitioner appealed the denial of his motion to withdraw his guilty plea to the Massachusetts

---

basis for the claim of duress/coercion before allowing him to proceed on this claim.

[2] On that same date, the petitioner made a plea of guilty to unlawfully carrying a shotgun; breaking and entering a dwelling house in the nighttime with the intent to commit a felony; assault and battery by means of a dangerous weapon; unlawfully carrying firearms; receiving stolen property; and possession of heroin. *See* Brief of the Commonwealth on appeal of *Commonwealth v. Paul Guild*, Massachusetts Appeals Court No. 2002-P-858.

[3] The motion to withdraw which the petitioner submitted in 1991 was not acted upon until 2000, when the petitioner re-submitted his petition. *See* Docket Sheets, Supp. Ans., Ex. 1. Only the 2000 version, and not the 1991 version of the motion, is attached to the Supplemental Answer, filed herewith. *See* Supp. Ans., Ex. 2. This should be of no import, however, since the motion judge, in reaching his decision on the motion, stated that his decision would be the same no matter which version of the motion was considered. *See* Supp. Ans., Ex. 3.

2

Appeals Court on or about August 13, 2002. *See* Supp. Ans., Ex. 4. The Appeals Court affirmed the petitioner's conviction on May 19, 2003. Supp. Ans., Ex. 6. The petitioner filed an application for leave for further appellate review ("ALOFAR") with the Massachusetts Supreme Judicial Court ("SJC") on June 11, 2003. *See* Supp. Ans., Ex. 7.

As grounds for his ALOFAR, the petitioner argued (1) that his sentence was a violation of contract law; (2) that his guilty plea resulting in a life sentence was the result of misrepresentation; (3) that there was a conflict of interest which prevented the petitioner's trial counsel from effectively representing him; (4) that his guilty plea was involuntary and unintelligent (and was the result of duress and coercion); and (5) ineffective assistance of counsel. *See* Supp. Ans., Ex. 7.

### The Instant Habeas Petition

The petitioner filed the instant petition for a writ of habeas corpus on November 11, 2003. In support of his petition, the petitioner claims asserts that his sentence constitutes a breach of contract law (Ground One); that his guilty plea was involuntary and unintelligent (Ground Two); that his guilty plea was the result of duress and coercion (Ground Three); that he received ineffective assistance of counsel (Ground Four); and that there was a failure to implement the terms of the original plea agreement, which constitutes misrepresentation (Ground Five).

## ARGUMENT

The instant habeas petition should be dismissed because the petitioner has failed to exhaust his state court remedies with respect to his claims for breach of contract, misrepresentation, and coercion/duress.[4]

### A.    Standard

It is well established that "a federal court should not consider questions posed in a habeas petition until the 'power of the highest state court in respect to such questions' has been exhausted." *Mele v. Fitchburg District Court*, 850 F.2d 817, 819 (1st Cir. 1988), *quoting United States ex rel. Kennedy v. Tyler*, 269 U.S. 13, 17 (1925). *See also Rose v. Lundy*, 455 U.S. 509, 518-19 (1982); *Adelson v. DiPaola*, 131 F.3d 259, 261-62 (1st Cir. 1997); *Dougan v. Ponte*, 727 F.2d 199, 202 (1st Cir. 1984); 28 U.S.C. § 2254(b)(1)(A). The longstanding exhaustion requirement[5], in addition to ensuring that state courts have the first opportunity to correct their own constitutional errors made in their proceedings, enables federal courts to accord appropriate respect to the sovereignty of the states and promotes comity by "minimiz[ing] friction between our federal and state systems of justice." *Rose*, 455 U.S. at 518. *See also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Ex parte Royall*, 117 U.S. 241, 251 (1886)(state and federal courts are

---

[4] As is set forth in Section B, below, the fact that the petitioner may have exhausted his claims on at least two of the other grounds he raises in support of his petition does not rescue his petition from dismissal. The law is clear that a "mixed" petition (i.e., one which contains both exhausted and unexhausted claims) must be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

[5] The exhaustion requirement is codified at 28 U.S.C. §§ 2254(b) and (c), which preclude federal habeas review unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). *See also Mele v. Fitchburg Dist. Ct.*, 850 F.2d 817, 819 (1st Cir. 1988).

4

"equally bound to guard and protect rights secured by the Constitution"); *Scarpa v. DuBois*, 38 F.3d 1, 6 (1st Cir. 1994), *cert. denied*, 513 U.S. 1129 (1995); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1984); *Mele*, 850 F.2d at 819.

It is the petitioner's heavy burden to demonstrate that his any federal errors in the state court proceedings were fairly presented to the state's highest court. *Nadworny v. Fair*, 872 F.2d 1093, 1098 (1st Cir. 1989). In order to present a claim sufficiently for exhaustion purposes, "a petitioner must inform the state court of *both* the factual and legal underpinnings of the claim." *Scarpa*, 38 F.3d at 6 (emphasis added). Further, in order for it to be said that the petitioner has exhausted his state remedies as to his federal habeas claims, he must have presented the state court with evidence of the federal nature of his claim, such as:

> "specific constitutional language, constitutional citation, appropriate federal precedent, substantive constitutional analogy, argument with no masking state-law character . . . such as would in all likelihood alert a reasonable jurist as to the existence of a federal question."

*Nadworny*, 872 F.2d at 1101. "The fewer the [federal] trappings that adorn a petitioner's state court filings, the less likely that [a federal court] will find his federal claim to have been exhausted." *Adelson*, 131 F.3d at 262.

**B.   The Petitioner Cannot State an Actionable Claim for a Writ of Habeas Corpus, Since He Has Not First Presented the Federal Constitutional Nature of His Claims for Breach of Contract and Misrepresentation to the Massachusetts Supreme Judicial Court.**

Assuming that the claims for breach of contract and misrepresentation asserted in Grounds One and Five the petition for a writ of habeas corpus state claims of federal constitutional violations, the petitioner has failed to bring these claims before the SJC. Since the petitioner did not present the constitutional basis of any claimed error in the trial court's decision

on these issues to the state court, the petitioner's claim is not properly exhausted and should be dismissed.

To satisfy the exhaustion requirement, "the petitioner must have fairly presented the substance of his federal habeas claim to the state court before seeking federal habeas review." *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988), quoting *Gagne v. Fair*, 835 F.2d 6, 8 (1st Cir. 1987). *Accord Dougan*, 727 F.2d at 200. Exhaustion requires the petitioner to "fairly present . . . the issue" to "the state's highest tribunal." *Mele*, 850 F.2d at 820. In Massachusetts, "an appealed issue cannot be considered as having been fairly presented to the SJC for exhaustion purposes unless the applicant has raised it within the four corners of the ALOFAR." *Mele*, 850 F.2d at 823.

It is not sufficient for a petitioner to rest on a bare suggestion of a federal claim in his ALOFAR; rather, the petitioner must set forth an analysis in his ALOFAR which is "likely to alert the court to the claim's federal nature." *Nadworny*, 872 F.2d at 1098, *quoting Daye v. Attorney General of New York*, 696 F.2d 186, 192 (2nd Cir. 1982)(en banc), *cert. denied*, 464 U.S. 1048 (1984). It is not enough that all of the facts necessary to support the federal claim were before the state court, or that a somewhat similar state-law claim was made. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 276-77 (1971). *See also Duncan*, 513 U.S. at 366. Rather, "the exhaustion requirement requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references [that] hint that a [federal] theory may be lurking in the woodwork will not turn the exhaustion trick." *Martens*, 836 F.2d at 717.

6

Here, the petitioner's ALOFAR contains absolutely no reference to a federal constitutional violation with respect to his claims of breach of contract and/or misrepresentation. *See* Supp. Ans., Ex. 7. Instead, the petitioner framed these issues in terms of Massachusetts contract law and general contract principles. *See* Supp. Ans., Ex. 7 (citing to "the Massachusetts Uniform Commercial Code" and "Classic Concepts of Contract"). *See also Adelson*, 131 F.3d at 263 ("the mere incantation of constitutional buzzwords, unaccompanied by any federal constitutional analysis, does not suffice to carry the burden of demonstrating fair presentment of a federal claim"); *Gagne*, 835 F.2d at 8; *Dougan*, 72 F.2d at 201. Accordingly, since no federal constitutional claim relating to breach of contract and/or misrepresentation was ever raised in the petition presented to the SJC, Massachusetts' highest court, the habeas petition contains unexhausted claims, and must, therefore, be dismissed. *See Rose*, 455 U.S. at 510, 518-19. *See also Picard*, 404 U.S. at 275 ("It would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation")(quoting *Darr v. Buford*, 339 U.S. 200, 204 (1950)).

Moreover, the fact that the petitioner may have raised the constitutional nature of his claims of ineffective assistance of counsel and involuntary/unintelligent guilty pleas[6] does not rescue his petition from dismissal. The Supreme Court has held that every claim in a federal habeas petition must have been exhausted. *Rose*, 455 U.S. at 518-19. If a petition is "mixed' -- that is, if it contains both exhausted and unexhausted claims, it must be dismissed. *Id.*

---

[6] As was set forth in note 1, *supra*, to the extent that the petition is asserting a claim for duress and coercion which is separate and distinct from the involuntary guilty plea claim, this claim has not been presented to the SJC and is, therefore, unexhausted.

7

## CONCLUSION

For the foregoing reasons, the respondent respectfully requests that this Court dismiss the habeas petition on the grounds that several claims in the petition have not been exhausted in state court.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

_____
Maura D. McLaughlin
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2857
BBO No. 634923

Dated: February 27, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the petitioner, Abdur Nadheeru-Islam, on February 27, 2004, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, to him as follows: Abdur Nadheeru-Islam, Bridgewater State Hospital, 20 Administration Road, Bridgewater, Massachusetts 02324.

_____
Maura D. McLaughlin