UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ABDUR NADHEERU-ISLAM )
)
PETITIONER, )
)
V, )   CIVIL ACTION NO. 03-12590-RWZ
)
KENNETH NELSON )
)
RESPONDENT. )

THE PETITIONERS' OPPOSITION TO RESPONDENTS' MOTION TO DISMISS. PURSUANT TO RULE 12(d) PRELIMINARY HEARING.

Now comes the petitioner to oppose the respondents' motion to dismiss and petitioners' cross motion pursuant to Rule 12(d) Preliminary Hearing.

1.) The respondent alleges that the "petitioner failed to state a claim upon which relief can be granted." Therefore the petition should be dismissed.

2.) On the contrary the petitioner clearly states a claim upon relief can be granted. In which he outlines violations of his 5th, 6th, and 14th Amends. of the U.S. Const. (Also implying the usuage the Contract Clause of the USCA Art. 1 Sec. 10 cl. 1) and also states the abuse of Massachusetts, Uniform Commercial Code and Classic Concepts of Contract law and principles of Contract law.

3.) The respondent alleges that the petitioner did not exhaust all of his remedies however the petitioner prays that this honorable court review the decisions of the appeals court and the Supreme Judicial Court of the Commonwealth in which both were denied. The claim that respondent makes with regard to the petitioners State remedies is not only unfactual in their finding but erroneous. (see Exhibit a.)

4.) Further the pro se petitioner was not called for a hearing before either court of reviews where he could have explained the connection between Duress and Coercion and involuntariness and unintelligent legal and Constitutional argument.

5.) Simply put the petitioner had a plea agreement for 15 to 20 sentence, instead the defense counsel and prosecutor breached the agreement by not providing that agreement, instead the petitioner plead to second degree life sentence that was never spoke of before the plea hearing. Further, the petitioner was verbally and physically beaten by the Charles St., County jail officers, in which further propelled the petitioner to be removed from a dangerously volitile environment. Additionally, the attorney knew the victim and told the petitioner that he would hurt him if he thought the petitioner guilty or help him accordingly. Obviously the attorney did in fact hurt him by not fulfilling the agree upon 15 to 20 sentence originally agreed upon promise. Where he did in fact state in guilty plea hearing. (EX. b.)

2.

5.) Wherefore the petitioner prays that this honorable court call forth a hearing so that the petitioner can fully elucidate his Constitutional and legal justifications.

ARGUMENT

As delineated above in Exhibit (a) concisely proves that in fact the petitioner used Constitutional argument and lingo. USCA Const. Amend. 14 and 6 for Misrepresentation (unfulfilled or unfulfillable promise) Coercion in which is Involuntary and unintelligent guilty plea and Ineffective Assistance of Counsel respectively.

Not only is an "involuntary" guilty plea is involuntary based on coercive unlawful influence it is also an USCA Const. Amend 5th, violating Self Incrimination and its Due Process Clause. U.S. v. Jones, 34 M.J. 891. Petitioner infers this in his Appeals Court brief. (Ex.c)

Furthermore, the petitioner is pro se and is not regarded to be at the level as a competent " pass the bar" attorney. Thus, the petitioner prays that this honorable Court will take that in consideration.

In regards to the Breach of Contract argument it impinges upon a "federal question" IN WHICH IMPINGES UPON THE Contract Clause of USCA Const. Art 1 sec. 10, cl. 1. Sciqulinsky v. Retirement System, Bd of R.I Employees, 172 F.3d. 22.

Furthermore, "Plea bargains are subject to Contract Law--principles insofar as their application will ensure a defendant what is reasonably due to him." U.S. v. Baldacchino, 762 F.2d. 170. Petitioner elucidates this in his F.A.R. to the SJC of Mass. State, Commonwealth. (Ex. d)

Inretrospect, a guilty plea is "involuntary announcing the 'CORRECT RULE OF LAW' that a plea which is a product of coercion and false promise can not be tolerated. (McDonald v. Kropp, 373 F.2. 549 (1967) ); quoting Walker v. Johnston, 61 S.Ct 514 (1941); Smith v. O Grady, 61 S.Ct. 512.

PRAYER FOR RELIEF

Wherefore, the above entitled pro se petitioner concludes his motion in opposition to the respondents' motion to dismiss, and prays that thishonorable court will either dismiss the respondents erroneous claims and/or call forth a hearing on this matter to prove succintly that the petitioner delineated Constitutional claims in his legal argument to Appeals Court and Supreme Judicial Court of the Commonwealth.

Additionally, the petitioner prays that this honorable court review the contents of his case matter his Appeals Court brief and his F.A.R to the SJC to decide whether or not he should reaquire the promised plea agreement of 15 to 20 sentence contracted with court appointed counsel and prosecutor inwhiched was breached. Thank you.

3.

RESPECTFULLY SUBMITTED,

*[signature]*

ABDUR NADHEERU-ISLAM pro se.
BRIDGEWATER STATE HOSPITAL
20 ADMINISTRATION RD.
BRIDGWATER, MA 02324

CERTIFICATE OF SERVICE
sent to the Attorney Genral office this day 3-10-04

file