UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action
No. 03-12590-RWZ

Abdur Nadheeru-Islam,
            Petitioner,

vs.

Kenneth W. Nelson,
            Respondent.

PETITIONER'S MEMORANDUM OF LAW IN
SUPPORT MOTION TO APPOINTMENT OF
COUNSEL

An appropriate correlation concerning the right to counsel can be drawn from child custody cases, i.e. Department of Public Welfare vs. J.B.K.., 393 N.E. 2d 406 (1979). Under 21 U.S.C. § 848(q)(4)(b), entitles capital defendants to qualified legal representation in any "Post conviction Proceeding." See Mcfarland vs. Scott, 512 U.S. 849, 114 S.Ct 2568 (1991). In deciding whether to Appoint Counsel in a Habeas proceeding, The district Court must evaluate the likelihood of success on the merits as well as the ability of the Petitioner to articulate his claim pro-se in light of the complexity of the issues involved. See Maclin vs. Freake, 650 F.2d 885 (7th cir 1981). The United States Supreme Court has ruled that an indigent Petitioner must have the qualified assistance of counsel to satisfy the

(2)

basic requirement of due process of law. and that basic due process is the right to be heard at a meaningful time, in a meaningful manner. Armstrong vs. Manzo, 380 U.S. 550, 85 S.Ct 1187 (1985). The Petitioner is not a member of the bar, nor has he had any type of legal training or background. It is hard to imagine the Petitioner having this action heard in a Meaningful manner if he is forced to proceed pro-se. The Commonwealth, his adversary is not only represented by Counsel, But also is vastly Superior resources for investigation and representation of its case. See Lattimore vs. DuBois, 152 F.Supp.2d 67 (D.Mass.2001)(fundamental fairness). The Petitioner asserts that he is seeking due process of law by asking this Court to appoint Counsel to represent him in this action, A constitutionally protected right hangs in the balance. A greater degree of factual inspection has somethime been requested in Habeas cases as an additional safeguard against omprovident action. See Coleman vs. Vasquez, 711 F.Supp 300 (N.D. Cal 1991); Dillion vs. United States, 307 F.2d 445 (9th cir. 1962).

(3)

Wherefore: The Petitioner prays that this Honorable Court grants Petitioner's Motion for the Appointment of Counsel.

Respectfully Submitted,

Date: 4-8-04 .

_____
Abdur Nadheeru-Islam, Pro-se
Bridgewatar State Hospital
20 Administration Road
Bridgewater, Mass 02324.

Certificate of Service
Sent to State Atty Gen. Office
Same date as above.