UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12590-RWZ

ABDUR NADHEERU-ISLAM, a/k/a PAUL GUILD

v.

KENNETH NELSON

MEMORANDUM OF DECISION

October 13, 2004

ZOBEL, D.J.

    Petitioner Abdur Nadheeru-Islam, a/k/a Paul Guild, pled guilty to a charge of second degree murder on May 19, 1989, and is now serving a life sentence as a state inmate at Bridgewater State Hospital, a Massachusetts Department of Corrections facility.  He subsequently filed a motion to withdraw his guilty plea, and when both the Appeals Court of Massachusetts and the Massachusetts Supreme Judicial Court denied this request, he filed a petition for writ of habeas corpus, under 28 U.S.C. § 2254, against Kenneth Nelson, Superintendent of Bridgewater State Hospital.  Petitioner alleges that his convictions resulted from five violations of his Constitutional rights: (1) breach of contract in connection with an alleged plea agreement, (2) involuntary and unintelligent guilty pleas, (3) duress and coercion by his appointed attorney, (4) ineffective assistance of counsel as a result of a newfound alibi and (5) misrepresentation / unfulfilled promise based on an alleged plea agreement.

    Respondent now moves to dismiss all counts, because the petition contains

three unexhausted claims, specifically Counts 1, 3 and 5 of the petition. 28 U.S.C. § 2254(b) and (c). See also, Rose v. Lundy, 455 U.S. 509, 518-519 (1982)(holding that federal courts must dismiss "mixed petitions" for writ of habeas corpus, those containing both unexhausted and exhausted claims). A claim is unexhausted when a petitioner "makes no explicit constitutional argument, cites no case law bearing on the constitutional issues, and eschews reference to the array of procedural facts essential to development of such issues," resulting in a failure to "present the [state court] with a full and fair opportunity to confront the constitutional claims asserted in [the] federal habeas initiative." Mele v. Fitchburg District Court, 850 F.2d 817, 823-824 (1988). In petitioner's Application for Leave to Obtain Further Appellate Review before the Massachusetts Supreme Judicial Court, petitioner neither characterizes the claims underlying Counts 1, 3 and 5 of the habeas petition as constitutional violations nor cites to any authority on the issue of constitutionality. Although a mixed petition may be dismissed, this Court will sever the unexhausted claims from the petition and will consider Counts 2 and 4 on their merits. Even so, respondent's motion to dismiss is allowed.

With respect to Count 2, petitioner argues that he expected to receive a sentence of imprisonment for only fifteen to twenty years, not for life. Petitioner suggests that his lack of education and court experience, drug addiction, and time spent in both a crime-filled neighborhood and an allegedly violent jailhouse all contributed to his unknowing acceptance of his counsel's advice to plead guilty. A guilty plea must be consensual in order to be constitutional, and "a plea of guilty

entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand," unless the plea resulted from threats, misrepresentation or improper promises such as bribes.  Mabry v. Johnson, 467 U.S. 504, 509 (1984).  In this case, the court specifically corrected petitioner's impression that a second degree life sentence could be reduced to fifteen or twenty years through negotiation and explained that a second degree life sentence may be considered for parole only after fifteen years.  Tr. at 13-14.  Petitioner has provided no reason why this straightforward elaboration by the court was insufficient to inform him of the consequences of a guilty plea, and thus, has not shown the plea to be involuntary or unintelligent.

With respect to Count 4, the prevailing standard for ineffective assistance requires that petitioner "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  Strickland v. Washington, 466 U.S. 668, 690 (1984).  Additionally, courts must strongly presume that counsel have "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  Strickland, 466 U.S. at 690.  Petitioner in this case points to his counsel's advice in support of a guilty plea and a post-sentencing recollection by the petitioner that he may have had an alibi for his whereabouts at the time of the murder as acts or omissions by his counsel.  However, petitioner provides no explanation for how these two events evidence his counsel's alleged unreasonable professional judgment, especially given that petitioner did not recall his potential alibi until after the sentencing hearing, according to petitioner's original Motion for

Withdrawal of Guilty Plea and Request for New Trial.  Further, petitioner testified at the sentencing hearing that he was satisfied with the advice and assistance provided to him by his counsel in this case.  Tr. at 28.  In light of the presumption of reasonable professional judgment and the absence of any affirmative evidence to the contrary, petitioner's claim for ineffective assistance is not compelling.

      Accordingly, respondent's motion is allowed.  Judgment may be entered dismissing the petition.

_____            /s/ Rya W. Zobel
    DATE                                 RYA W. ZOBEL
                                            UNITED STATES DISTRICT JUDGE