UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO. 03-12590-RWZ

ABDUR NADHEERU-ISLAM
petitioner

v,

MR. KENNETH NELSON
SUPERINTENDENT OF BRIDGEWATER
STATE HOSPITAL
respondent.
PETITIONER'S RESPONSE AS TO WHY HIS PETITION SHOULD NOT BE
BARRED UNDER RULE 9.

Now comes the above caption petitioner respectfully moves this ho
norable Court that his present petition should not be barred from
a Rule 9 inquiry because of the following reasons:

In the Court's Memorandum of Decision dated October 13, 2004

the Court dismissed the petitioner's Writ of Habeas Corpus filed

under 28 U.S.C.§2254, against Kenneth Nelson the respondent, Su-

perintendent of Bridgewater State Hospital. Where, the petitioner

alleged to the Court five violations of his Constitutional rights

:(1) Breach of Contract in connection with an alleged plea agree-

ment;(2) involuntary and unintelligent guilty pleas;(3) duress

and coercion by court appointed counsel: (4) ineffective assis-

tance of counsel as a result of new found alibi; and (5) mis-

representation/unfulfilled promise based on an alleged plea

agreement.

The respondent moved to dismiss all counts and the Court

obliged and dismissed the petitioner's petition.

However, the Court did in fact make two rulings on two

significant issues: (2) involuntary and unintelligent guilty plea

: and (4) ineffective assistance of counsel as a result of new

found alibi.

2.

Now the petitioner present "diffirent grounds" according to Rule 9, and explicitly explains these two counts to prove to the Court why his case should be granted.

The first issue count (2) involuntary and unintellent guilty plea, In the Courts decision, the Court considered that there was a "straight forward elaboration" that did not demostrate an " insufficient to inform him of the consequences of the guilty plea, thus has not shown the plea to be involuntary or unintelligent."

Accordingly, the petitioner exclaims inexorbly that in the Transcript page ll(Tr.ll), the petitioner conferred with counsel and counsel reinforced what counsel has been informing petitioner from the beginning that he was going to receive the 15-to-20 sentence and the technical information from the Court he should follow in expectation of the agreed upon plea agreement.

Petitioner did in fact asked questions as seen in the transcript and did not fully understand that he was going to recieve a life sentence and did not understand if there was any remedy at time of the guilty plea hearing so he did exactly as court appoint counsel dictated and recieve the life sentce instead of the agreed upon 15 to 20 sentence.

In Edwards v. Garrison, 529 F.2d. at 1378, states" Coercion by the accused counselcan render a plea involuntary." Therefore, counsel told petitioner he had no option but to plead out and "He better do it!", falls heavily under law.

Further, petitioner adds a case in similarity that was perpetrated by a prosecutor who used "trickery so flagrant as to vio

3.

late appellant's constitutional rights." Trotter v. U.S., 359 F.
2d. 419. " making of such promises [as alleged here] in bad faith
'may trickery so flagrant as to violate appellants constitutional
rights. U.S. ex rel. Wissenfeld v. Wilkins, 281 F.2d. 707, 712
(2d. Cir. 1960); see Machibroda v. U.S., 368 U.S. 487 (1962)'"

The question here is why did counsel use such trickery be-
cause counsel had a vendetta thereafter he had his life saved by
the victim at Malcom x. Park more explained in second issue.

As to the second issue, count (4) ineffective assistance of
counsel as a result of new found alibi; Counts (3) duress and
coercion by his appointed counsel; and (5) misrepresentation/un-
fulfilled promise based on an alleged plea agreement, was consi-
dered unexhausted claims the court overlooked there significants.

Counts (3) and (5) are interconnected. The attorney told pe-
titioner that he knew the victim- that the victim saved his life
at Malcom X. Park in Roxbury, Ma. that he had an on-giong rela-
tionship with him and that he would either help the petitioner or
hurt him.

The attorney gathe red information that in his mind that the
petitioner was guilty, however before that he was telling the pe-
titioner that he was going to receive a 15 to 20 sentence until
the petitioner was at the plea hearing now it is a 15 to life
sentence. Where the petitioner was wholly confused and did not
comprehend or even apprehend what was being communicated to him,
and didn't know of any remedy.

In Strickland v. Washington, 466 U.S. 688, 690, (1984) state
" identify the acts of omissions of counsel that are alleged not
to have been the result or reasonable professional judgment.

4.

How could the counsel make a professional judgment when his friend was murdered. He changed the plea and tricked the petitioner.

Furthermore, in U.S. V. Jones, 52 F.3d. 924 (11th Cir.1995) it states, " In criminal cases an attorney's conflict of interest may deprive a defendant of his Sixth Amendment right to assistance of counsel. E.g., Strickland v. Washington, supra;Cuyler v, Sullivan, 446 U.S. 335, 348, (1980) a conflict of interest will rise to the level of reversible constitutional error only if the defendant has demostrated that ' an actual conflict of interest adversely affected his lawyer's performance and that counsel actively represented conflicting interests.' Burger v. Kemp,483 U.S 776 (1987) quoting Strickland supra; see also Burden v. Zant, 24 F.3d. 1298, 1304 (11th Cir.1994); Parker v. Singletary, 924 F.2d. 1562, 1574, n.66 (11th Cir. 1992). This court has stated that ' the harm from representing conflict of interest lies not just in what the attorney does but also in what the advocate finds himself compelled to refrain from doing, not only at trial but also as to possible pretrial plea negotitiations and in sentencing process.' Burden, 24 F.3d. at 1306 (quoting Holloway v. Arkansas, 435 U.S. 475, 490, (1978)".

Here is a clear case of Conflict of Interest. Attorney knew the victim and changed the plea using trickery so flagrant to vio late the petitioner Constitutional rights.

Wherefore the petitiner prays to this honorable court to grant said Rule 9, second Habeas Corpus in petitioner's favor for justice and fairplay.

5.

Respectfully submitted,

*Abdur Nadheeru Islam*

ABDUR NADHEERU ISLAM
BRIDGEWATER STATE HOSPITAL
20 ADMINISTRATION RD.
BRIDGEWATER, MA. 02324


CERTIFICATE OF SERVICE
SENT TO THE ATTORNEY GENERAL ON THIS DATE 10 - 22 - 04 .